CAROLYN D. VOCELKA, APPELLANT, V. ROBERT R. VOCELKA, APPELLEE.

260 N. W. 2d 620

Filed January 4, 1978. No. 41270.

Stephen Greenberg, for appellant.

Michael N. Schirber, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This appeal arises from the dissolution of a marriage. The only contested issues in the trial court were: Division of property, alimony, and child support. These are the same matters which are contested in this court. We affirm.

By agreement, custody of the older child of the parties, a boy age 17, was awarded to the respondent husband, and custody of the younger child, a boy age 13, was awarded to the petitioner wife. The trial court awarded to the wife a 1975 Chrysler automobile on which the husband was required to pay the encumbrance, and household goods which were then in her possession. It awarded the husband a 1965 Pontiac automobile and the household goods which were in his possession. The decree further directed the parties to sell a residential property owned by them in the State of New York. The balance of the proceeds of the sale, after deduction of $960 for delinquent temporary child support owed by the husband and after payment of certain debts incurred previous to the separation of the parties, is to be divided equally between the parties. The wife was awarded $1 alimony per year. See § 42-365, R. R. S. 1943. The husband was ordered to pay the wife $100 per month child support. At the time of trial the husband was 37 years of age and the wife 36, and both were in good health.

The husband had been a meteorologist in the United Stated Air Force with the rank of Temporary Major. He was separated from the Air Force after 15 years service because of a reduction in force. As a consequence he lost all pension benefits, but received a $12,000 separation payment. After the husband's separation from the Air Force, the parties separated. The causes of the separation appear in the record. It would serve no useful purpose to recite these causes.

At the time of trial, the wife was employed as a cashier in an installment loan agency. The husband was unemployed. He testified that the $12,000 separation payment had been exhausted by the payment of living expenses, support payments, debts, and the purchase of two motorcycles for the sons. At the time of trial, the husband was drawing $100 per

week unemployment compensation from the State of Iowa, which unemployment benefits would terminate at the end of 5 months. The husband has a college degree and at the time of trial was attending the University of Nebraska at Omaha part time, hoping to obtain sufficient credits to be later admitted to dental school.

We have carefully read the record. We find that the trial court did not abuse its discretion in any of the matters on which it entered judgment.

Each party in this appeal shall pay his own costs and attorney's fees.

AFFIRMED.